UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CURTIS McDANIEL,

                Petitioner,

       -against-

SMALLS KISSA,

                Respondent.

19-CV-10280 (CM)

ORDER OF DISMISSAL

COLLEEN MCMAHON, Chief United States District Judge:

    Petitioner, currently incarcerated in the Anna M. Kross Center (AMKC) on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated December 16, 2019, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

    The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not

exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The petition is not a model of clarity. Petitioner states that he has two criminal cases, #1302-2016 and #860-2019, in the New York County Criminal Court, and that both cases "have been dismissed by the motion unit." (ECF No. 1, at 4.) Petitioner asserts that the judge "refused to hear/see and stamp it because she['s] angry."[1] (*Id.* at 6.) He maintains that his cases show up in the "Rikers Island system as voided," but he is still being held on bail. (*Id.*)

Public records maintained by the New York Unified Court System indicate that Petitioner was tried and found guilty on December 5, 2019, of one count of criminal possession of a weapon in the third degree and one count of perjury in the first degree. He is scheduled to be sentenced on January 14, 2020. Petitioner filed this § 2254 petition on November 4, 2019, a month prior to his conviction.

## DISCUSSION

Before a petitioner can seek federal *habeas* relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A *habeas* petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State…if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In other words, if the State provides a procedure, a *habeas* petitioner must take advantage of that procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner

---

[1] State-court documents that Petitioner included with his filing indicate that it was a motion for a speedy trial under New York Criminal Procedure Law § 30.30 that the judge refused to hear or stamp. (*See* ECF No. 1, at 26.)

2

before this Court may review a petition for a writ of *habeas corpus* brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

In order to exhaust his claims for purpose of *habeas corpus* review, a petitioner must first appeal to the Appellate Division of the New York Supreme Court. If the petitioner is adversely affected by the court's decision, he must seek leave to appeal to the New York Court of Appeals, the highest state court. N.Y. Crim. P. L. § 460.20; *see Bagley v. LaVallee*, 332 F.2d 890, 892 (2d Cir. 1964). If the petitioner files any N.Y. Crim. P. L. § 440.10 motions and/or other collateral motions, he must completely exhaust the claims in those motions by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because the petition and New York State Unified Court System records indicate that Petitioner has not fully exhausted his state court remedies, the Court denies the petition as prematurely filed. After Petitioner has fully exhausted his state court remedies to the Court of Appeals, he may file his *habeas corpus* petition in this Court.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to the Petitioner and note service on the docket. The Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: December 19, 2019
       New York, New York

                                            COLLEEN McMAHON
                                            Chief United States District Judge